# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
01/10/2018
CT Log Number 532602127

**TO:** Stephanie Mitchell
Siemens Energy & Automation, Inc.
800 North Point Parkway, Suite 450
Alpharetta, GA 30005-4499

**RE:** **Process Served in Massachusetts**

**FOR:** Siemens Financial Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANDREW JAY, Pltf. vs. Siemens AG, et al., Dfts. // To: Siemens Financial Services, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Proof, Motion, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Suffolk County - Commonwealth of Massachusetts, MA<br>Case # 174183E |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/10/2018 at 13:12 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive the day of service |
| **ATTORNEY(S) / SENDER(S):** | Brooks L Glahn<br>Kristen Schuler Scammon<br>35 India Street, 5th Floor<br>Boston, MA 02110<br>617-307-4426 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/11/2018, Expected Purge Date: 01/16/2018<br><br>Image SOP<br><br>Email Notification, Stephanie Mitchell stephanie.mitchell@siemens.com<br><br>Email Notification, Jennifer Kibler jennifer.kibler@siemens.com<br><br>Email Notification, Nicholas Bruno nicholas.bruno@siemens.com<br><br>Email Notification, Richard O'Connor richard.oconnor@siemens.com<br><br>Email Notification, Barbara Kotick barbara.kotick@siemens.com<br><br>Email Notification, Doreen Poole doreen.poole@siemens.com<br><br>Email Notification, Frank Nuzzi Frank.Nuzzi@siemens.com |

Page 1 of 2 / US

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
01/10/2018
CT Log Number 532602127

**TO:** Stephanie Mitchell
Siemens Energy & Automation, Inc.
800 North Point Parkway, Suite 450
Alpharetta, GA 30005-4499

**RE:** **Process Served in Massachusetts**

**FOR:** Siemens Financial Services, Inc. (Domestic State: DE)

Email Notification, Nancy Orgaz  nancy.orgaz@siemens.com

Email Notification, Robert Mignella  robert.mignella@siemens.com

Email Notification, Salvatore Marcoccio  salvatore.marcoccio@siemens.com

Email Notification, Skip Lockard  skip.lockard@siemens.com

Email Notification, Heather Johnson  heather.johnson@siemens.com

**SIGNED:** C T Corporation System
**ADDRESS:** 155 Federal St Ste 700
Boston, MA 02110-1727
**TELEPHONE:** 617-757-6404

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _S017-4183_
(1784CV04183)

_Andrew Jay_____, Plaintiff(s)

v.

_Siemens AG, Siemens Financial Services, Inc.,
Siemens Healthineers and
Siemens Next 47 GMBH_____, Defendant(s)

## SUMMONS

To the above-named Defendant: via _CT Corporation System, 155 Federal St., Suite 700, Boston, MA 02110_

You are hereby summoned and required to serve upon _Kristen S. Scammon, Esq. of Torres, Scammon, Hincks + Day LLP_ plaintiff's attorney, whose address is _35 India St., 5th floor, Boston MA 02110_ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the ___8th___ day of ___January___, in the year of our Lord two thousand ___eighteen___.

_Michael Joseph Donovan_
Clerk/Magistrate

**NOTICE TO DEFENDANT** — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
  (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

_A true copy attest_

FORM CIV. P. 1 12M – 1/15

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on _____, 201___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____
_____
_____

Dated:_____, 201___                    _____

N.B.  TO PROCESS SERVER: –
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

                                        | 1/10           , 2018 |

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)
(AFFIX FILING STAMP HERE)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 17-4183 E

12/27/17

*Filed + Allowed by the Court.*

*/Giles J)*

*Attest: Margaret W. Sellon, Assistant Clerk*

ANDREW JAY,

    Plaintiff,

v.

SIEMENS AG, SIEMENS FINANCIAL SERVICES, INC., SIEMENS HEALTHINEERS, and SIEMENS Next47 GMBH

    Defendants.

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff Andrew Jay moves pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure that this Court appoint Carol Wilkinson, located at 87 Wendell Street, Suite 200, Boston, MA 02110 as special process server in this matter. Ms. Wilkinson is an experienced special process server, who is familiar with the Massachusetts Rules of Civil Procedure and its requirements for proper service of process. The undersigned swears that to the best of her knowledge and belief, the person to be so appointed is eighteen years of age or over and is not a party in this case.

Andrew Jay

By his attorneys,



Kristen Schuler Scammon, BBO# 634586
Brooks L. Glahn, BBO# 630685
Torres, Scammon, Hincks & Day, LLP
35 India Street. 5th Floor
Boston, MA 02110
P: (617) 307-4426
F: (617) 307-4427
E:  kscammon@tshdlegal.com
    bglahn@tshdlegal.com

Dated: December 27, 2017

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Andrew Jay  ADDRESS: | | COUNTY Suffolk |
| | DEFENDANT(S): SIEMENS AG, SIEMENS FINANCIAL SERVICES, INC., SIEMENS HEALTHINEERS, and SIEMENS Next47 GMBH | |
| ATTORNEY: Kristen Schuler Scammon, Esq. & Brooke L. Glahn, Esq.  ADDRESS: Torres Scammon Hincks & Day LLP  35 India St.  Boston, MA 02110  BBO: 634588 & | ADDRESS: CT Corporation System  155 Federal St., Suite 700  Boston, MA 02110 | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Wrongful Discharge | F | ☒ YES ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................................................... $ _____
  2. Total doctor expenses ..................................................................................... $ _____
  3. Total chiropractic expenses ............................................................................ $ _____
  4. Total physical therapy expenses .................................................................... $ _____
  5. Total other expenses (describe below) ........................................................... $ _____
                                                                              Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............................................ $ _____
C. Documented property damages to dated ............................................................ $ _____
D. Reasonably anticipated future medical and hospital expenses ........................... $ _____
E. Reasonably anticipated lost wages ..................................................................... $ 3,500,000
F. Other documented items of damages (describe below) ...................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                              TOTAL (A-F): $ 3,500,000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
                                                                              TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X Kristen Schuler Scammon                Date: Dec 26, 2017

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X Kristen Schuler Scammon                       Date: Dec 26, 2017

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality** *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference In Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party** †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY**
**MAY RESULT IN DISMISSAL OF THIS ACTION.**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 1784CV04183

ANDREW JAY,

    Plaintiff,

v.

SIEMENS AG, SIEMENS FINANCIAL SERVICES, INC.,
SIEMENS HEALTHINEERS, and
SIEMENS Next47 GMBH

    Defendants.

## COMPLAINT AND JURY DEMAND

### Introduction

1. The Plaintiff, Andrew Jay, through his counsel, Torres, Scammon, Hincks & Day, LLC, brings this action seeking compensatory and punitive damages against the Defendants, Siemens AG ("Siemens"), Siemens Financial Services, Inc. ("SFS"), and Siemens Healthineers ("Healthineers") (collectively "the Defendants"). The Defendants constructively discharged the Plaintiff in retaliation for reporting an incident of extortion to Siemens' Compliance Department. The discharge thereby violated the well-established public policy protecting reports of ethical and/or legal violations.

### The Parties

2. Plaintiff, Andrew Jay, is an individual residing in Charlestown, Massachusetts. Mr. Jay is a 55 year old male.

3. Defendant, Siemens AG, is a company headquartered in Berlin and Munich, Germany, which conducts business in the Commonwealth of Massachusetts.

4. Defendant, Siemens Financial Services, Inc., is a company headquartered in Munich, Germany, with an office in Boston, Massachusetts. Siemens Financial Services, Inc., is a subsidiary of Siemens AG.

5. Defendant, Siemens Healthineers, is a company headquartered in Erlangen, Germany, with an office in East Walpole, Massachusetts. Siemens Healthineers is a subsidiary of Siemens AG.

6. Defendant, Siemens next47 is a company headquartered in Munich, Germany with an office in Boston, Massachusetts. Siemens next47 is a subsidiary of Siemens AG.

### Jurisdiction and Venue

7. This Court possesses jurisdiction over the Defendants as each Defendant resides in the Commonwealth or conducts business within the Commonwealth including, without limitation, with respect to the acts and omissions from which these claims arise.

8. Venue is proper in this Court pursuant to G.L. c. 223, §§ 1 and 8.

### The Facts

#### Plaintiff's Position at SFS/Healthineers

9. Plaintiff began his career at Siemens Venture Capital over 14 years ago. He has worked for various Siemens-owned entities over his tenure. Plaintiff's employer during the time period relevant to this Complaint shall hereinafter be referred to as SFS/Healthineers.

10. Most recently Plaintiff was employed as the Managing Partner/Vice President of SFS/Healthineers.

11. In that capacity Plaintiff reported to Lakshmi Ananth, the CEO of next47, a global venture firm created by Siemens as a successor organization to Siemens Venture Capital.

12. Plaintiff's job responsibilities included managing healthcare venture investment effort on behalf of Siemens' Healthcare Division, supervising the Boston Office of SFS, and providing administrative oversight of the US venture investing operation.

13. In this position, Plaintiff provided positive financial returns and received positive performance reviews throughout his tenure at SFS/Healthineers.

### Compliance Report

14. In or about the summer of 2016, Plaintiff and his team at SFS/Healthineers began considering investing in Base4, a biotechnology company in the United Kingdom. At that time, Plaintiff and his colleagues, Patrick Kennedy and Joern Mosner, visited Base4 but concluded that it was far too early for SFS/Healthineers to invest in the company.

15. Several months later, in or about the spring of 2017, Thomas Miller of GreyBird Investments ("GreyBird") pitched SFS/Healthineers to invest in Base4.

16. At the time of Miller's pitch, Base4 was attempting to raise $30 – 50 million in venture capital and Miller represented to SFS/Healthineers that he could bring together a syndicate of investors.

17. Miller also represented that GreyBird had submitted a special term sheet to Base4 allowing GreyBird/Miller to secure an investment syndicate in exchange for special financial incentives and terms from Base4.

3

18. Miller is a former Siemens Healthcare executive who, at that time, had a lucrative consulting contract with Siemens to provide deal flow services (*i.e.* to provide business proposals and investment opportunities to Siemens).

19. Miller's contract with Siemens was arranged by David Stein, SFS Head of Strategy, and Bernd Montag, CEO of Siemens Healthcare.

20. Stein and his second in command, Mary Amor, openly supported investing in Base4 through GreyBird.

21. Given Stein's and Amor's support for the investment, Plaintiff's colleagues, Patrick Kennedy and Joern Mosner, again visited Base4. Following that visit, Plaintiff and Kennedy and Mosner remained unimpressed by Base4 and did not support an investment in the company. Based on the feedback of Mr. Kennedy and Mr. Mosner and other information Jay concurred that investing in the Company was not in the best interests of Siemens Healthineers.

22. In or about June or July 2017, Plaintiff received a call from Base4's CEO, - Cameron Frayling. Mr. Frayling informed Plaintiff that Miller had represented to Base4 that Siemens Healthcare would invest if Miller told them to, that Siemens Healthcare would not invest if Miller told them not to, and that he should sign the proposed term sheet with GreyBird if he wanted to see any funding from Siemens Healthcare.

23. Plaintiff discussed Frayling's report with several colleagues in the SFS Boston office and, based on their advice, standing SFS policy and his own conscience, determined that the appropriate course was to report the matter to Siemens Compliance.

24. Plaintiff contacted the Siemens Compliance hotline and was referred to Barbara Greenberg, who was in charge of Compliance for the United States. Plaintiff

informed Greenberg of the Base 4 situation. In that conversation the plaintiff indicated that he was concerned about personal and professional implications from his report, and Greenberg assured him that the matter would be handled carefully.

25. Greenberg subsequently reported to Plaintiff that she found no compliance concern because, according to information she received from a Healthineers attorney, Miller did not have a contractual relationship with Healthineers. Plaintiff responded that Miller was, in fact, under contract as a consultant to Healthineers. Greenberg expressed surprise, and asked Plaintiff for a copy of the contract.

26. Thereafter, Greenberg did not communicate further with Plaintiff. In fact, since Plaintiff informed Greenberg of Miller's contract with Healthineers, no compliance employee has communicated with Plaintiff regarding the outcome of the compliance report.

27. Plaintiff did learn through Ms. Amor that Miller's contract with Healthineers would not be renewed despite Healthineers' satisfaction with the value it was receiving from the contract.

28. The Base4 investment remained under consideration by Healthineers for several weeks after Plaintiff's compliance report, despite Plaintiff's best efforts to remove it from consideration.

29. Stein continued to advocate for the Base4 investment until shortly before Plaintiff's discharge.

<u>Retaliation/Constructive Discharge</u>

30. In or about August 2017, Stein and Montag, in their capacities as SFS Head of Strategy and CEO of Siemens Healthcare, acted in concert to concoct a pretextual reason to

5

demote Plaintiff, remove many of his job duties, and replace him with an outside hire, all in retaliation for Plaintiff's Compliance report.

31. In September 2017, Plaintiff learned that his venture capital investment role would move from SFS to Healthineers.

32. On September 29, 2017, Plaintiff received a letter from Healthineers offering him the position of Director of Healthineers Venture Capital, reporting to Mary Amor, who was designated as the Hiring Manager.

33. The position offered by Healthineers (a Director reporting to a Hiring Manager) represented a demotion from Plaintiff's current position (Vice President reporting directly to the SFS CEO).

34. Plaintiff observed a number of demotions and terminations of individuals aged 50 or more around this time.

35. In a meeting with Amor on October 2, 2017, Plaintiff learned that a new hire would be made for a position in charge of healthcare venture investing, a responsibility Plaintiff held for the previous 14 years. Additionally, a substantial portion of Plaintiff's job responsibilities would be transferred to his new direct superior, including setting the overall direction for investing and driving the decision process, hiring for the department, supervising department staff, managing the budget and prioritizing areas of interest.

36. Amor informed Plaintiff that this decision had been made several weeks earlier by Bernd Montag and David Stein.

37. On October 5, 2017, Amor and Judy Bowers, a Human Resources employee, informed Plaintiff again that the decision to demote him and bring in a new hire to supervise him and take on a substantial portion of his prior responsibilities had been made in August

6

2017 by Stein and Montag, the then CEO of Siemens Healthcare. Amor and Bowers also falsely told Plaintiff that the reason for the demotion was his presentation style in Investment Committee Meetings.

38. In the three Investment Committee Meetings Plaintiff had with Montag, only two topics were discussed. Both topics were successfully moved forward.

39. Before the meeting with Amor and Bowers on October 5, 2017, Plaintiff had not been informed of the purported issue with his presentation style.

40. Before October 2017 Plaintiff had never been informed of any discussions regarding a demotion.

41. On October 13, 2017, Plaintiff informed Human Resources that he believed his demotion was in retaliation for his Compliance report regarding Miller's extortion of Base4's CEO.

42. On October 25, 2017, Stein confirmed that he and Montag had decided to demote Plaintiff, and again falsely claimed the demotion was because of Plaintiff's presentation style in Investment Committee Meetings.

43. By letter dated October 31, 2017, Siemens informed Plaintiff that it had found no causal connection between his Compliance report and his demotion. The letter also gave Plaintiff until November 6, 2017, to accept the demotion as offered by Healthineers or be deemed to have voluntarily resigned.

44. Plaintiff declined to accept the demotion and consequently suffered a retaliatory constructive discharge on November 6, 2017.

7.

## COUNT I
### Wrongful Discharge
### (v. Siemens, SFS, and Healthineers)

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 – 44 above, as if set forth here in full.

46. The Defendants constructively discharged the Plaintiff by, without cause or notice, demoting him, removing much of his responsibilities, replacing his position with an outside hire, and altering the reporting structure to diminish the Plaintiff's rank within the company.

47. The forced change in the Plaintiff's working conditions without cause or notice was so intolerable that a reasonable person in Plaintiff's position would feel compelled to resign.

48. The forced change in Plaintiff's working conditions was in retaliation for the Plaintiff's report to Siemens Compliance.

49. The reason provided by Defendants for Plaintiff's demotion was pretext.

50. The Defendants constructively discharged the Plaintiff in violation of the well-established public policy protecting whistleblowers who report ethical and/or legal violations.

51. The Defendants' actions were intentional and offensive, an outrageous affront Plaintiff's personal dignity, recklessly indifferent to Plaintiff's rights, and egregiously beyond the pale of what our society tolerates in the work place.

52. As a result of the Defendants' conduct the Plaintiff has and will continue to suffer significant harm including lost income and lost opportunity.

WHEREFORE, Plaintiff, Andrew Jay, prays that this Court enter judgment in his favor on all Counts of this Complaint and award him compensatory and punitive damages in

an amount to be proven at trial, as well as such other and further relief that that this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

The Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

The Plaintiff,
ANDREW JAY,
By his attorneys,



Kristen Schuler Scammon, BBO# 634586
Brooks L. Glahn, BBO # 630685
Torres, Scammon, Hincks & Day, LLP
35 India Street, 5th Floor
Boston, Massachusetts 02110
Tel.:    (617) 307-4426
Fax:    (617) 307-4427
Email:  kscammon@tshdlegal.com
            bglahn@tshdlegal.com

Dated: December 27, 2017

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1784CV04183 | Trial Court of Massachusetts The Superior Court | |
|---|---|---|---|
| CASE NAME: Andrew Jay vs. Siemans AG et al | | Michael Joseph Donovan, Clerk of Court | |
| TO: Kristen Schuler Scammon, Esq. Torres, Scammon, Hincks & Day, LLP 35 India St Boston, MA 02110 | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 | |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                    **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/27/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 04/26/2018 | |
| All motions under MRCP 12, 19, and 20 | 04/26/2018 | 05/29/2018 | 06/25/2018 |
| All motions under MRCP 15 | 04/26/2018 | 05/29/2018 | 06/25/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 10/23/2018 | | |
| All motions under MRCP 56 | 11/23/2018 | 12/24/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/22/2019 |
| Case shall be resolved and judgment shall issue by | | | 12/27/2019 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service. This case is assigned to

| DATE ISSUED 12/27/2017 | ASSISTANT CLERK Margaret M Buckley | | PHONE (617)788-8175 |
|---|---|---|---|

Date/Time Printed: 12-27-2017 14:06:02                                                                                 SCV026\ 11/2014